UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                          NO. 3:18-CR-117-KHJ-LGI

MARCUS ALLEN BROWN

ORDER

Before the Court is Defendant Marcus Allen Brown's [44] Motion to Dismiss the Superseding Indictment. The Court denies the motion.

I.   Background

18 U.S.C. § 922(g)(1) prohibits a person from possessing a firearm in or affecting commerce if he "has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." A knowing violation is punishable by up to 15 years of imprisonment. *See id.* § 924(a)(8). If the offender has three or more qualifying convictions, the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. *See id.* § 924(e).

The original Indictment charged Brown with knowingly violating Section 922(g)(1). [3] at 1. Brown moved to dismiss that Indictment, arguing that Section 922(g)(1) is unconstitutional as applied to him. [30] at 1 (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)). The United States filed a response, and Brown filed a reply. *See* [31]; [32]. The parties agreed that Brown has numerous

felony convictions: five for burglary, one for possession of methamphetamine, and another for being a felon in possession of a firearm. *See* [30] at 1; [31] at 2; [31-1].

The United States then filed a [33] Superseding Indictment. It likewise charges Brown with knowingly violating Section 922(g)(1). *Id.* at 1. But the Superseding Indictment further alleges that Brown is subject to sentencing under the Armed Career Criminal Act. *See id.* Brown filed another motion to dismiss the Superseding Indictment, incorporating the parties' earlier filings. *See* [44] at 1 (incorporating [30]; [31]; [32]). The Court now addresses that motion.

II.     Standard

Under Rule 12, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "The propriety of granting a motion to dismiss an indictment by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (cleaned up). If the motion involves a question of law, "then consideration of the motion is generally proper." *Id.* (quotation omitted). Rule 12 thus authorizes the Court to address a motion to dismiss "based on the resolution of a legal question in the presence of undisputed facts." *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005), *abrogated on unrelated grounds by Abramski v. United States*, 573 U.S. 169, 191 (2014).

III.   Analysis

Courts are "struggling at every stage of the *Bruen* inquiry." *United States v. Daniels*, 77 F.4th 337, 358 (5th Cir. 2023) (Higginson, J., concurring). "Those struggles encompass numerous, often dispositive, difficult questions." *Id.* Brown's motion raises several of those difficult questions. But this Court need only answer one: As the law stands, is this Court bound by pre-*Bruen* Fifth Circuit precedents upholding Section 922(g)(1)?

For three reasons, the Court concludes that it is. First, this Court lacks the power to decide whether *Bruen* implicitly overruled Fifth Circuit precedents upholding Section 922(g)(1). Second, the Fifth Circuit's decision in *Rahimi* did not decide that question. And third, even if this Court could decide the question itself, it would conclude that *Bruen* did not unequivocally overrule all Section 922(g)(1) circuit precedents. The Court thus denies Brown's motion to dismiss.

A.  Authority to Overturn Circuit Precedent

The Fifth Circuit has long upheld Section 922(g)(1), both before and after *Heller*.[1] Against that backdrop, the Court first must address a threshold issue: whether this Court may declare that *Bruen* implicitly overruled those circuit precedents.

---

[1] *See, e.g., United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009), *abrogated on unrelated grounds by Borden v. United States*, 593 U.S. 420 (2021); *United States v. Darrington*, 351 F.3d 632, 633–34 (5th Cir. 2003); *see also Dist. of Columbia v. Heller*, 554 U.S. 570 (2008).

3

It may not. A district court is "not free to overturn" Fifth Circuit precedent, even if the Supreme Court has "implicitly overruled" that precedent. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789, 792 (5th Cir. 2021) (quotation omitted). Until the Fifth Circuit makes a "judgment call" that a Supreme Court decision "implicitly overruled" circuit precedent, a district court "correctly [finds] itself bound by the [Fifth Circuit] rule." *Id.* at 789–90, 792.

Here, Brown seeks a ruling that *Bruen* implicitly overruled Fifth Circuit precedents on Section 922(g)(1). *See* [32] at 3 & n.1. But this Court cannot overturn those precedents—even if a Fifth Circuit panel may later "acknowledge the Supreme Court's implicit overruling [there]of." *Bonvillian Marine*, 19 F.4th at 789, 794.[2] That is, this Court "cannot ignore pre-*Bruen* Fifth Circuit precedent on the constitutionality of [S]ection 922(g)(1) absent a Fifth Circuit or Supreme Court decision reaching the issue." *United States v. Schnur*, No. 1:23-CR-65, 2023 WL 4881383, at *3 (S.D. Miss. July 31, 2023).[3]

---

[2] Of course, district courts must apply Supreme Court precedent that directly conflicts with circuit precedent. *See, e.g.*, *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312 (1994) (noting that district court "properly applied" Supreme Court precedent, even though circuit precedents "were otherwise when this dispute arose"); *Alvarez v. City of Brownsville*, 904 F.3d 382, 398 (5th Cir. 2018) (Ho, J., concurring) ("[I]t is long established that district courts are bound to follow circuit precedent unless it directly conflicts with Supreme Court precedent."); *United States v. Egenberger*, 424 F.3d 803, 805 (8th Cir. 2005) ("The district court does not continue to be bound by prior interpretations of the law that are contrary to the Supreme Court's most recent announcement."). But that type of conflict is not at issue here. Brown correctly concedes that *Bruen* did not "overtly" or "expressly" overrule Section 922(g)(1) circuit precedents. *See* [32] at 3 & n.3 (quotations omitted).

[3] *See also, e.g.*, *United States v. Guiden*, No. CR 23-258, 2024 WL 897849, at *2–3 (W.D. La. Mar. 1, 2024); *United States v. Rice*, No. 22-CR-1727, 2024 WL 844959, at *4 (W.D. Tex. Feb. 27, 2024); *United States v. Lee*, No. CR 22-195, 2024 WL 712866, at *5 (W.D. La. Feb. 21, 2024); *United States v. Coswell*, No. CR 23-246-1, 2024 WL 666651, at *3 (W.D. La. Feb. 15, 2024); *United States v. Hill*, No. CR 23-172-1, 2024 WL 666652, at *3 (W.D. La. Feb. 15, 2024); *United States v. Jordan*, No. CR 23-66-1, 2024 WL 666657, at *3

4

The question thus becomes whether the Fifth Circuit has reached that issue. *See id.* As explained below, it has not.

---

(W.D. La. Feb. 15, 2024); *United States v. Ramirez*, No. 23-CR-459, 2024 WL 927677, at *3–4 (W.D. Tex. Feb. 12, 2024), *report and recommendation adopted*, 2024 WL 925557 (W.D. Tex. Mar. 4, 2024); *United States v. Cockerham*, No. 5:21-CR-6, 2024 WL 554149, at *4 (S.D. Miss. Feb. 12, 2024); *United States v. Sepulvado*, No. CR 23-234-1, 2024 WL 454960, at *3 (W.D. La. Feb. 5, 2024); *United States v. Butler*, No. 3:23-CR-85, 2024 WL 322299, at *3–4 (N.D. Miss. Jan. 29, 2024); *United States v. Underwood*, No. CR 23-49, 2024 WL 349724, at *5 (W.D. La. Jan. 29, 2024); *United States v. Nathan*, No. CR 23-174, 2024 WL 216926, at *2 (E.D. La. Jan. 19, 2024); *United States v. Reed*, No. CR 23-38, 2024 WL 196003, at *2 (E.D. La. Jan. 18, 2024); *United States v. Lee*, No. 3:23-CR-107, 2024 WL 190658, at *4 (S.D. Miss. Jan. 17, 2024); *United States v. Morgan*, No. CR 23-174-1, 2024 WL 150340, at *3 (W.D. La. Jan. 12, 2024); *United States v. Bass*, No. 3:23-CR-100, 2024 WL 131369, at *4 (S.D. Miss. Jan. 11, 2024); *United States v. Self*, No. 4:23-CR-74, 2024 WL 55487, at *4 (N.D. Miss. Jan. 4, 2024); *United States v. Hawkins*, No. CR 23-94, 2023 WL 8701098, at *2 (E.D. La. Dec. 15, 2023); *United States v. Anderson*, No. CR 23-180-1, 2023 WL 8655272, at *3 (W.D. La. Dec. 13, 2023); *United States v. Conner*, No. CR 23-54, 2023 WL 8474735, at *2 (E.D. La. Dec. 7, 2023); *United States v. Rice*, No. 22-CR-1727, 2023 WL 8008005, at *11 (W.D. Tex. Nov. 17, 2023), *report and recommendation adopted*, 2024 WL 844959 (W.D. Tex. Feb. 27, 2024); *United States v. French*, No. CR 23-64-1, 2023 WL 7365232, at *3 (W.D. La. Nov. 7, 2023); *United States v. Washington*, No. CR 23-82-2, 2023 WL 7170645, at *3 (W.D. La. Oct. 31, 2023); *United States v. Bazile*, No. CR 23-34, 2023 WL 7112833, at *4 (E.D. La. Oct. 27, 2023); *United States v. Jackson*, No. 4:23-CR-89, 2023 WL 6881818, at *4 (N.D. Miss. Oct. 18, 2023); *United States v. Cartlidge*, No. 5-21-CR-520, 2023 WL 6368327, at *3 (W.D. Tex. Sept. 7, 2023), *report and recommendation adopted*, 2023 WL 6368974 (W.D. Tex. Sept. 27, 2023); *United States v. Campbell*, No. 1:22-CR-159, 2023 WL 5009202, at *3 (S.D. Miss. Aug. 4, 2023); *United States v. Mosely*, No. CR 22-620, 2023 WL 4765596, at *3 (S.D. Tex. July 26, 2023); *United States v. Palmer*, No. 4:23-CR-104, 2023 WL 3313051, at *2 (N.D. Tex. May 8, 2023); *United States v. Stewart*, No. 4:23-CR-105, 2023 WL 3313053, at *2 (N.D. Tex. May 8, 2023); *United States v. Thompson*, 670 F. Supp. 3d 381, 386 (E.D. La. 2023); *United States v. Mendez*, No. 2:22-CR-656, 2023 WL 3097243, at *2 (S.D. Tex. Apr. 26, 2023); *United States v. Clay*, No. 6:22-CR-86, 2023 WL 3059155, at *2 (S.D. Tex. Apr. 23, 2023); *United States v. Gonzales*, No. 6:22-CR-47, 2023 WL 2955922, at *2 (S.D. Tex. Apr. 14, 2023); *United States v. Mosley*, No. 4:23-CR-41, 2023 WL 2777473, at *2 (N.D. Tex. Apr. 4, 2023); *United States v. Mason*, No. 4:23-CR-36, 2023 WL 2589395, at *2 (N.D. Tex. Mar. 21, 2023); *Gray v. Cox*, No. 2:23-CV-11, 2023 WL 4602733, at *4 (S.D. Tex. Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 4602705 (S.D. Tex. July 17, 2023); *Shipley v. Hijar*, No. 23-CV-11, 2023 WL 353994, at *4 (W.D. Tex. Jan. 20, 2023); *United States v. Jordan*, 650 F. Supp. 3d 531, 537–38 (W.D. Tex. 2023); *United States v. Grinage*, No. 21-CR-399, 2022 WL 17420390, at *3 (W.D. Tex. Dec. 5, 2022).

B. *Rahimi*

Brown's principal argument is that *Rahimi* already declared all Section 922(g)(1) circuit precedents "obsolete." *See* [32] at 1 (quoting *United States v. Rahimi*, 61 F.4th 443, 451 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688 (2023)). The Court disagrees.

To frame the relevant passage in *Rahimi*, the Court begins with *Rahimi*'s context. Before *Bruen*, the Fifth Circuit had upheld the constitutionality of Section 922(g)(8) in *Emerson* and *McGinnis*.[4] The Supreme Court decided *Bruen* while *Rahimi* was pending, so the parties filed supplemental briefing addressing its effect. The defendant submitted that "*Emerson* and *McGinnis* are now obsolete" because *Bruen* "unequivocally overruled" those decisions. Appellant's Suppl. Br. [103-1] at 15, *United States v. Rahimi*, No. 21-11001 (5th Cir. July 25, 2022). The United States agreed that *Bruen* abrogated *McGinnis* and *Emerson*, which both applied means-end scrutiny. Appellee's Suppl. Br. [109-1] at 22–23, *Rahimi*, No. 21-11001; *see also* Appellant's Suppl. Reply Br. [123] at 5, *Rahimi*, No. 21-11001.

The *Rahimi* panel addressed whether "*Emerson* and *McGinnis*" remained binding precedents. *See Rahimi*, 61 F.4th at 450–51. The panel explained that *Bruen* "expressly repudiated the circuit courts' means-end scrutiny—the second step embodied in *Emerson* and applied in *McGinnis*." *See id.* at 450. And so the panel concluded that "*Bruen* clearly 'fundamentally change[d]' our analysis of laws

---

[4] *See United States v. McGinnis*, 956 F.3d 747, 753 (5th Cir. 2020); *United States v. Emerson*, 270 F.3d 203, 263 (5th Cir. 2001).

6

that implicate the Second Amendment, rendering our prior precedent obsolete." *Id.* at 450–51 (quoting *Bonvillian Marine*, 19 F.4th at 792).

Courts are divided over whether that "prior precedent" includes Section 922(g)(1) precedents. The Fifth Circuit has sent mixed signals on that issue, if only in unpublished opinions in a plain-error posture.[5] And district courts throughout the circuit have reached conflicting conclusions.[6]

---

[5] *Compare United States v. Washington*, No. 22-10574, 2023 WL 5275013, at *1 (5th Cir. Aug. 16, 2023) (per curiam) (unpublished) ("[W]e have yet to address the constitutionality of [Section] 922(g)(1)—and, in fact, *Rahimi* suggests that *Bruen*'s logic may not extend to this provision."), *and United States v. Cuevas*, No. 23-60294, 2024 WL 303255, at *2 (5th Cir. Jan. 26, 2024) (per curiam) (unpublished) ("This court extended *Bruen* to a preserved Second Amendment challenge to 18 U.S.C. § 922(g)(8). . . . However, neither *Bruen* nor *Rahimi* dictates such a result for Section 922(g)(1)."), *with United States v. Smith*, No. 22-10795, 2023 WL 5814936, at *3 (5th Cir. Sept. 8, 2023) (per curiam) (unpublished) ("Prior to *Bruen*, this court routinely rejected Second Amendment challenges to [Section] 922(g)(1). We recently stated on de novo review, however, that '*Bruen* clearly fundamentally change[d] our analysis of laws that implicate the Second Amendment' and rendered our previously adopted two-step framework precedent 'obsolete.'").

[6] Most district courts have concluded that Section 922(g)(1) circuit precedents are not obsolete under *Rahimi*. *See, e.g.*, *United States v. Harris*, No. 21-247, 2024 WL 969702, at *3 (W.D. La. Mar. 6, 2024); *Guiden*, 2024 WL 897849, at *3; *Rice*, 2024 WL 844959, at *2; *Coswell*, 2024 WL 666651, at *3; *Hill*, 2024 WL 666652, at *3; *Jordan*, 2024 WL 666657, at *3; *Ramirez*, 2024 WL 927677, at *3, *report and recommendation adopted*, 2024 WL 925557; *Sepulvado*, 2024 WL 454960, at *3; *Butler*, 2024 WL 322299, at *4; *Nathan*, 2024 WL 216926, at *2–3; *Reed*, 2024 WL 196003, at *2–3; *Morgan*, 2024 WL 150340, at *3; *United States v. Martin*, No. 6:20-CR-47-1, 2024 WL 129337, at *6 (W.D. La. Jan. 11, 2024); *United States v. Dillon*, No. 5:23-CR-3, 2024 WL 86492, at *4 (S.D. Miss. Jan. 8, 2024); *Self*, 2024 WL 55487, at *4; *Hawkins*, 2023 WL 8701098, at *2; *Anderson*, 2023 WL 8655272, at *3; *Conner*, 2023 WL 8474735, at *2; *Rice*, 2023 WL 8008005, at *9–10, *report and recommendation adopted*, 2024 WL 844959; *French*, 2023 WL 7365232, at *3; *United States v. Letterman*, No. 1:23-CR-66, 2023 WL 7336562, at *7–8 (S.D. Miss. Nov. 7, 2023); *Washington*, 2023 WL 7170645, at *3; *Bazile*, 2023 WL 7112833, at *3; *Jackson*, 2023 WL 6881818, at *4; *United States v. Betancourt*, No. CR 21-229, 2023 WL 5917415, at *2 (S.D. Tex. Sept. 11, 2023); *United States v. Herrera*, No. CR 20-692, 2023 WL 5917414, at *2 (S.D. Tex. Sept. 11, 2023); *Cartlidge*, 2023 WL 6368327, at *3, *report and recommendation adopted*, 2023 WL 6368974; *United States v. Locket*, No. CR 22-72, 2023 WL 5153549, at *5 (S.D. Tex. Aug. 10, 2023); *Campbell*, 2023 WL 5009202, at *3; *United States v. Pineda-Guevara*, No. 5:23-CR-2, 2023 WL 4943609, at *3 (S.D. Miss. Aug. 2, 2023); *Schnur*, 2023 WL 4881383, at *3; *United States v. Andrade-Hernandez*, No. 3:23-CR-26, 2023 WL 4831408, at *3 (S.D. Miss. July 27, 2023); *Mosely*, 2023 WL 4765596, at *2–3; *United States*

7

For five reasons, the Court does not read *Rahimi* to render all Section 922(g)(1) precedents obsolete:

- First, *Rahimi* was a panel decision. The *Rahimi* panel could not overturn another panel's decision absent an intervening change in the law. *Rahimi*, 61 F.4th at 450.
- Second, the *Rahimi* panel had no occasion to decide whether *Bruen* implicitly overruled *Darrington*, *Anderson*, *Scroggins*, and *Massey*. The only statute at issue in *Rahimi* was Section 922(g)(8); the only precedents relevant to that statute were *Emerson* and *McGinnis*. *See* 61 F.4th at 450–51. The parties' briefing—and the panel's analysis—thus focused solely on whether "*Emerson* and *McGinnis*" remained binding precedents. *See id.*
- Third, the *Rahimi* panel carefully addressed whether "*Emerson* and *McGinnis*" relied on the "means-end scrutiny" that *Bruen* repudiated. *See id.* If *Bruen* had rendered *all* "prior [Second Amendment] precedent obsolete," the panel's particularized analysis of *Emerson* and *McGinnis* would have been unnecessary. *See id.*
- Fourth, the *Rahimi* panel reasoned that a felony conviction "would have excluded" the defendant from the Second Amendment's protections. *See id.* at 452. That reasoning reflects "at least an assumption that Fifth Circuit precedent holding [Section] 922(g)(1) constitutional remains binding." *Letterman*, 2023 WL 7336562, at *8; *see also Washington*, 2023 WL 5275013, at *1.
- And fifth, "[a]lthough *Rahimi* briefly touched on the 'obsolescence' of prior precedent, the [panel] may have referred to fundamental changes in its 'analysis of laws that implicate the Second Amendment,' not prior holdings." *Schnur*, 2023 WL 4881383, at *3 (quoting *Rahimi*, 61 F.4th at 450–51).

---

v. *Jeffery*, No. 21-CR-437, 2023 WL 4629556, at *4 (W.D. Tex. July 19, 2023), *report and recommendation adopted*, 2024 WL 925554 (W.D. Tex. Mar. 4, 2024); *United States v. D'Luna-Mendez*, No. 22-CR-367, 2023 WL 4535718, at *3 (W.D. Tex. July 13, 2023), *report and recommendation adopted*, 2023 WL 4879837 (W.D. Tex. July 28, 2023); *United States v. Hale*, No. CR 22-131, 2023 WL 3866865, at *2 (E.D. La. June 6, 2023); *Palmer*, 2023 WL 3313051, at *2; *Stewart*, 2023 WL 3313053, at *2; *Thompson*, 670 F. Supp. 3d at 386; *Mendez*, 2023 WL 3097243, at *3; *Clay*, 2023 WL 3059155, at *3; *Gonzales*, 2023 WL 2955922, at *2; *Mosley*, 2023 WL 2777473, at *2; *Mason*, 2023 WL 2589395, at *2.

But some district courts have read *Rahimi* to render *all* Second Amendment circuit precedents obsolete. *See, e.g.*, *United States v. Thenstead*, No. 3:22-CR-359, 2023 WL 8850766, at *3 (N.D. Tex. Dec. 20, 2023); *United States v. Leblanc*, No. CR 23-45, 2023 WL 8756694, at *4 (M.D. La. Dec. 19, 2023); *United States v. Sing-Ledezma*, No. 23-CR-823, 2023 WL 8587869, at *6 (W.D. Tex. Dec. 11, 2023); *United States v. Zelaya Hernandez*, No. 3:23-CR-56, 2023 WL 4161203, at *2 (N.D. Tex. June 23, 2023); *United States v. Connelly*, 668 F. Supp. 3d 662, 669 (W.D. Tex. 2023).

For those reasons, the Court does not understand *Rahimi* to discard all pre-*Bruen* Section 922(g)(1) precedents.[7]

At bottom, this Court cannot decide—and the Fifth Circuit has not yet decided—whether *Bruen* implicitly overruled all Section 922(g)(1) circuit precedents. As the law stands, this Court remains bound by those precedents. The Court thus denies Brown's motion to dismiss.

C. *Bruen*

The preceding sections require this Court to deny Brown's motion. Out of an abundance of caution, though, the Court will address one final issue. Even if this Court could decide whether *Bruen* implicitly overruled Section 922(g)(1) circuit precedents (*contra* Section III.A), the Court would conclude that *Bruen* did not.

Under the Fifth Circuit's rule of orderliness, a panel's decision remains binding "absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or [the] en banc court." *Rahimi*, 61 F.4th at 450 (quoting *Bonvillian Marine*, 19 F.4th at 792). The en banc Fifth Circuit has not addressed *Bruen*, so the question is whether *Bruen* itself is an "intervening change in the law." *See id.*

"[F]or a Supreme Court decision to change [the Fifth] Circuit's law, it 'must be more than merely illuminating with respect to the case before [the court]' and

---

[7] Brown's reply acknowledges that *Rahimi* only "held explicitly that its pre-*Bruen* cases on [Section] 922(g)(8)—including *Emerson*—were 'obsolete.'" [32] at 3. Brown thus argues that "[t]he same reasoning that applied to [Section] 922(g)(8) cases in *Rahimi* should apply to [Section] 922(g)(1) cases." *Id.* at 3 n.1. But this Court may not decide whether *Rahimi*'s reasoning "should" apply to pre-*Bruen* precedents that the panel did not address.

must 'unequivocally' overrule prior precedent." *Bonvillian Marine*, 19 F.4th at 792 (citation omitted). "Whether an intervening Supreme Court decision 'merely illuminates' or 'unequivocally overrules' is a judgment call." *Id.* "In basic terms, . . . a Fifth Circuit precedent is implicitly overruled if a subsequent Supreme Court opinion establishes a rule of law inconsistent with that precedent." *Id.* (quotations omitted); *see also Martinelli v. Hearst Newspapers, LLC*, 65 F.4th 231, 234−35 (5th Cir. 2023) (collecting cases).

Even if this Court could decide the question, it would conclude that *Bruen* did not implicitly overrule all Section 922(g)(1) circuit precedents. Of course, *Bruen* repudiated decisions "applying means-end scrutiny in the Second Amendment context." 597 U.S. at 19 & n.4 (citing *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185, 194–95 (5th Cir. 2012)). *Bruen* thus overruled circuit precedents that "applied" or "embodied" means-end scrutiny. *See Rahimi*, 61 F.4th at 450.

For two reasons, however, this Court would conclude that *Bruen* did not "establish[] a rule of law inconsistent with" all Section 922(g)(1) circuit precedents. *Bonvillian Marine*, 19 F.4th at 792 (quotation omitted). First, those precedents were not based on means-end scrutiny. And second, *Bruen* did not unequivocally overrule Fifth Circuit precedents based on *Heller*'s dicta.

To begin, the Fifth Circuit decided its Section 922(g)(1) cases "without employing the now-defunct means-end test." Order [29] at 8, *United States v. Hembree*, No. 3:22-CR-76 (S.D. Miss. Dec. 1, 2023). *Darrington* concluded that

10

"legislative prohibitions on the ownership of firearms by felons are not considered infringements on the historically understood right to bear arms protected by the Second Amendment." 351 F.3d at 634.[8] *Anderson* and *Scroggins* reasoned that *Heller* reinforced circuit precedent: "Dicta in *Heller* states that the opinion should not 'be taken to cast doubt on long[]standing prohibitions on [the] possession of firearms by felons.'" *See Scroggins*, 599 F.3d at 451 (quoting *Heller*, 554 U.S. at 626–27); *see also Anderson*, 559 F.3d at 352 & n.6 (quoting same). *Massey* went further. It concluded that *Heller* "specifically preserved the constitutionality of felon-in-possession stat[utes]." *Massey*, 849 F.3d at 265. *Bruen* did not unequivocally overrule those decisions, which are "*not* based on means-end scrutiny." *Letterman*, 2023 WL 7336562, at *7.

To be sure, the Court agrees that those decisions did not undertake a "rigorous historical analysis." [32] at 4. *Darrington* "relied on a lengthy footnote in *Emerson*, which cited academic articles on the traditional limits of the right to bear arms." *Letterman*, 2023 WL 7336562, at *6. And the Fifth Circuit's later precedents relied on *Heller*, which deemed Section 922(g)(1) "presumptively lawful" without undertaking "an exhaustive historical analysis." *See Heller*, 554 U.S. at 626–27 & n.26; *see also id.* at 635 ("[T]here will be time enough to expound upon the historical justifications for the exceptions we have mentioned if and when those exceptions

---

[8] Although *Darrington* relied on *Emerson*, it "read *Emerson* as excluding felons as a class from the Second Amendment's protection of 'the right of Americans generally to keep and bear their private arms as historically understood in this country.'" *Darrington*, 351 F.3d at 635 (quoting *Emerson*, 270 F.3d at 261). "That is essentially what the dicta from *Heller* through *Bruen* stated." Order [29] at 6, *Hembree*, No. 3:22-CR-76.

11

come before us."). So some district courts have reasoned that *Bruen* implicitly overruled precedents that did not undertake "the historical analysis [now] required for a statute to pass constitutional muster." See *Thenstead*, 2023 WL 8850766, at *3; *Zelaya Hernandez*, 2023 WL 4161203, at *3.

The Court respectfully disagrees with that analysis. In its view, a court may not simply "decide that it is unsatisfied with the Fifth Circuit's [or the Supreme Court's] historical analysis." *Letterman*, 2023 WL 7336562, at *6. Instead, it must decide whether the Fifth Circuit's precedents have fallen "unequivocally out of step with some intervening change in the law." *Bonvillian Marine*, 19 F.4th at 792. As discussed, *Darrington*, *Anderson*, *Scroggins*, and *Massey* interpreted the "historically understood" Second Amendment right and relied on *Heller*'s (ostensibly[9]) "longstanding" carveouts. The Court cannot say that those decisions are "unequivocally" out of step with *Heller* and *Bruen*'s text-and-history standard. *Id.* Rather, *Bruen* "merely illuminate[d]" how to conduct a history-based inquiry. *Id.*

In any case, the Court would reach the same conclusion for a second reason: *Bruen* did not "unequivocally" overrule Fifth Circuit precedents based on *Heller*. *Id.* Indeed, *Bruen*'s standard is "[i]n keeping with *Heller*"; the Court sought to make "the constitutional standard endorsed in *Heller* more explicit." *Bruen*, 597 U.S. at 17, 31. What's more, "*Bruen* used the phrase 'law-abiding' fourteen times, including in the opening sentence." *Daniels*, 77 F.4th at 342. The Fifth Circuit has interpreted

---

[9] The United States' response failed to acknowledge Brown's evidence that felon-in-possession statutes "have their origins in the twentieth century." See [30] at 7–9; [31]; see also, e.g., *United States v. Bullock*, No. 3:18-CR-165, 2023 WL 4232309, at *2, 24, 28 (S.D. Miss. June 28, 2023).

that as "short[]hand" to "exclude [people with felony convictions] from the . . . discussion." *See id.* at 343 (quoting *Rahimi*, 61 F.4th at 452). And six Justices in *Bruen* wrote separately to underscore that:

- *Bruen* "decides nothing about who may lawfully possess a firearm." 597 U.S. at 72 (Alito, J., concurring).
- "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . . We identify these presumptively lawful regulatory measures only as examples." *Id.* at 81 (Kavanaugh, J., joined by Roberts, C.J., concurring) (quoting *Heller*, 554 U.S. at 626–27 & n.26).
- "Like Justice Kavanaugh, I understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding." *Id.* at 129 (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting).

Given all of that, the Court cannot conclude that *Bruen* "unequivocally" overruled Fifth Circuit precedents based on *Heller*. *Bonvillian Marine*, 19 F.4th at 792.[10]

In sum, even if this Court could decide whether *Bruen* unequivocally overruled Section 922(g)(1) circuit precedents (*contra* Section III.A), the Court would conclude that *Bruen* did not. As the law stands, those circuit precedents remain binding on this Court. The Court therefore must deny Brown's motion to dismiss.

---

[10] Two federal courts of appeals have reached similar conclusions. *See United States v. Dubois*, No. 22-10829, 2024 WL 927030, at *5–6 (11th Cir. Mar. 5, 2024) ("Because the Supreme Court 'made it clear in *Heller* that [its] holding did not cast doubt' on felon-in-possession prohibitions, and because the Court made it clear in *Bruen* that its holding was '[i]n keeping with *Heller*,' *Bruen* could not have clearly abrogated [circuit] precedent upholding [S]ection 922(g)(1). Indeed, the *Bruen* majority did not mention felons or [S]ection 922(g)(1)." (citations omitted)); *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) ("Given the six Justices' reaffirmation of the *Heller* language and the Court's apparent approval of 'shall-issue' regimes and related background checks, we conclude that *Bruen* did not indisputably and pellucidly abrogate our precedential opinion.").

Because other dispositive questions remain in flux pending the Supreme Court's decision in *Rahimi*,[11] the Court declines to address the merits of Brown's arguments under *Bruen*, except to say that his arguments are substantial and preserved for further review.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Defendant Marcus Allen Brown's [44] Motion to Dismiss the Superseding Indictment.

SO ORDERED, this 12th day of March, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[11] "The Fifth Circuit has held in abeyance pending a Supreme Court decision in *Rahimi* one or more appeals squarely presenting the issue of whether [S]ection 922(g)(1) is constitutionally overbroad after *Bruen*." *Brown*, 2023 WL 8794641, at *3. The Supreme Court, too, has held certiorari petitions presenting that issue pending *Rahimi*. *See* Cert. Reply Br. at 8–10, *Garland v. Range*, No. 23-374 (U.S. Nov. 1, 2023) (Solicitor General arguing that Supreme Court should hold petition because *Rahimi* will "likely . . . shed substantial light on the proper analysis of [Section 922(g)(1)]").